## IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRCT OF MICHIGAN

**DAR LEAF, in his official capacity as**
**Barry County Sheriff,**
**JADA CHADWICK,**                    **CASE NO. 20-1169**
**GERALD PENNINGTON,**
**GLORIA PENNINGTON,**
**JOSPEPH PETERMAN**
**YVETTE PETERMAN,**
**MICHELLE GONZALES,**
**MICHAEL MCLEAN,**

                    **Plaintiffs,**

**v.**

**GRETCHEN WHITMER, in her official capacity**
**as Governor of the State of Michigan,**
**JOCELYN BENSON, in her official capacity as**
**Michigan Secretary of State and the Michigan**
**BOARD OFSTATE CANVASSERS.**

                    **Defendants.**
_____/

.

## PLAINTIFF'S AMENDED EMERGENCY EXPARTE APPLICATION FOR RESTRAINING ORDER AND INJUNCTIVE RELIEF AND COMBINED BRIEF IN SUPPORT

1.      On December 1, 2020, the State of Michigan Bureau of Elections issued a

memorandum to all county clerks from the Michigan Board of Elections mandating

the destruction and deletion of software, data, files, materials, and other relevant

physical evidence. This memorandum specifically directed *all* county clerks to

destroy or delete data by December 7, 2020, with the exception of the few selected

Michigan municipalities participating in an audit and states:

> "E-Pollbook laptops and flash drives: the EPB software and associated files
> [MUST] be [DELETED] from all devices by the seventh calendar day
> following the final canvass and certification of the election (November 30,
> 2020) unless a petition for recount has been filed and the recount has not
> been completed, a post-election audit is planned but has not yet been
> completed, or the deletion of the data has been stayed by an order of the
> court or the Secretary of State." (Exhibit 1).

2.      The State of Michigan is conducting a very *limited* audit of cities, townships,

and municipalities. Further, the audit will simply recount potentially fraudulent, or

illegal ballots, and will not reveal the systematic attempts at mass fraud throughout

the State of Michigan and United States of America. Moreover, the evidence

mandated to be deleted or destroyed will not be available for forensic examination

once destroyed preventing civil and/or criminal investigations.

3.      The selected small representation of Michigan municipalities to participate

in the audit will not be representative of the overall election fraud, violation of

election laws of Michigan, and the United States Constitution and rights and

privileges that flow therefrom. Plaintiff incorporates by reference King et al v.

Whitmer et al, 2:20-cv-13134-LVP-RSW. (Exhibit 2). Marion Township, MI is

selected as one of five of the 84 municipalities in Livingston County, MI to be

audited. Marion Township did NOT used Dominion machines in the election, gave

voters disposable pens, and Marion Township is notorious for meticulous pollbook documentation.  Eaton County, Michigan will also participate in the Michigan election audit. Eaton County used Hart Voting Machines. The limited selected audit in Michigan will mask fraud, and violations of election law and the United States Constitution. Therefore it is imperative that the data from all of the Michigan municipalities be preserved, otherwise it will have been long destroyed prior to legal action to address claims regarding an insufficient audit or other meritorious election claims.

4.     Immediate intervention in the form of injunctive relief  is necessary to prevent the loss of election data and evidence needed to determine voter intent, any systematic fraud, and any criminal activity and/or civil liability.

3.     Dar Leaf, the Barry County Sheriff, is responsible for investigating, pursuing any illegal activity including election law, for example M.C.L 168.520, M.C.L 168.941, and U.S.C. 18 § 2071, specifically states as follows:

> "Whoever willfully and unlawfully conceals, removes, mutilates, obliterate, or destroys, or attempts to do so, documents filed or deposited with any clerk or officer of any court, shall be fined or prisoned."

Moreover, in Gabrock v. Rosema, 599 F. Supp. 1476 (WD MI 1984), the Court stated:

> "His (Sheriff) nearly unbridled authority over the hiring, firing, disciplining and regulating of deputies indicates that the Sheriff can establish county

policy in this regard. He is indeed, the final authority or ultimate repository of county power".

Additionally, U.S.C. 18 § 242 states that:

"Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State the deprivation of *any* rights, shall be fined under this title or imprisoned not more than one year, or both."

4.      Numerous complainants, to wit: JADA CHADWICK, GLAORIA PENNINGTON, GERALD PENNINGTON, MICHAEL MCLEAN, MICHELLE GONZALEZ,  JOSEPH PETERMAN,  YVETTE PETERMAN, have made reports via affidavits to the Barry County Shariff's Office concerning election fraud, violations of election law, including but not limited to Michigan Election Law Act 116 of 1954 et. seq., in violation of each Barry County resident's United States constitutional right to vote. (Exhibit 3). Specifically, Dominion machines were used in Barry County, JADA CHADWICK, found it suspicious that the independent candidate had more votes than Joseph Biden at 11 pm on November 3, 2020, and the results changed dramatically overnight, similar to the election fraud that took place detailed in in King et al v. Whitmer et al, 2:20-cv-13134-LVP-RSW. Ms. Chadwick presented exhibits of voting machines used in Barry County, and Eaton County, and discovered the Secretary of State has since removed voting machine data and information from its website.

5.      Additionally, complainants have reported election fraud, and election law violations, through affidavits throughout the State of Michigan. (Exhibit 4).

6.      This civil action brings to light a massive election fraud, multiple violations of the Michigan Election Code, *see, e.g.,* MCL §§ 168.730-738, in addition to the Election and Electors Clauses and Equal Protection Clause of the U.S. Constitution violations that occurred during the 2020 General Election throughout the State of Michigan, as set forth in the affidavits of numerous Michigan residents.

7.      It is alleged in King et al v. Whitmer et al, 2:20-cv-13134-LVP-RSW, that the multifaceted schemes and artifices implemented by Defendants and their collaborators to defraud resulted in the unlawful counting, or manufacturing, of hundreds of thousands of illegal, ineligible, duplicate or purely fictitious ballots in the State of Michigan, that 50 U.S.C. § 20701 requires Retention and preservation of records and papers by officers of elections; deposit with custodian; penalty for violation, but as will be shown wide-pattern of misconduct with ballots show preservation of election records have not been kept; and Dominion logs are only voluntary, with no system wide preservation system. Without an incorruptible audit log, there is no acceptable system. The same pattern of election fraud and voter fraud occurred in all the swing states with only minor variations in Michigan, Pennsylvania, Arizona and Wisconsin.

8.     Dar Leaf, the Barry County Sheriff, is aware experts have determined

markers used in conjunction with Dominion voting machines, Dominion voting

machines connected with the internet, in addition to numerous other concerns

related to Dominion voting machines, likely impacts the accuracy of the election

and his office intends to conduct a full investigation into reports. (Exhibit 5).

## JURISDICTION AND VENUE

8.     This Court has subject matter under 28 U.S.C. § 1331 which provides, "The

district courts shall have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States."

9.      This Court also has subject matter jurisdiction under 28 U.S.C. § 1343

because this action involves a federal election for President of the United States.

"A significant departure from the legislative scheme for appointing Presidential

electors presents a federal constitutional question." *Bush v. Gore*, 531 U.S. 98, 113

(2000) (Rehnquist, C.J., concurring); *Smiley v. Holm*, 285 U.S. 355, 365(1932).

10.    The jurisdiction of the Court to grant declaratory relief is conferred by 28

U.S.C. §§ 2201 and 2202 and by Rule 57, Fed. R. Civ. P.

11.     This Court has jurisdiction over the related Michigan constitutional claims

and state-law claims under 28 U.S.C.§ 1367.Venue is proper because a substantial

part of the events or omissions giving rise to the claim occurred in the Western

District. 28 U.S.C. § 1391(b) &(c).

12.     Because the United States Constitution reserves for state legislatures the

power to set the time, place, and manner of holding elections for Congress and the

President, state executive officers, including but not limited to Secretary Benson,

have no authority to unilaterally exercise that power, much less flout existing

legislation.

## THE PARTIES

13.     Each of the following Plaintiffs are registered Michigan voters and nominees

of the Republican Party to be a Presidential Elector on behalf of the State of

Michigan: Jada Chadwick, a resident of Barry County, Michigan; Gerald

Pennington, a resident of  Barry County, Michigan; and, Gloria Pennington , a

resident of Barry, Michigan; Michelle Gonzalez, a resident of Barry, Michigan;

Yvette Peterman, a resident of Barry County, and Joseph Peterman, a resident of

Barry County.

14.     Each of these Plaintiffs has standing to bring this action as voters and as

candidates for the office of Elector under MCL §§ 168.42 & 168.43 (election

procedures for Michigan electors). As such, Presidential Electors "have a

cognizable interest in ensuring that the final vote tally reflects the legally valid

votes cast," as "[a]n inaccurate vote tally is a concrete and particularized injury to candidates such as the Electors." *Carson v. Simon*, 978 F.3d 1051, 1057 (8th Cir. 2020) (affirming that Presidential Electors have Article III and prudential standing to challenge actions of Secretary of State in implementing or modifying State election laws); *see also McPherson v. Blacker*, 146 U.S. 1, 27 (1892); *Bush v. Palm Beach Cty. Canvassing Bd.*, 531 U.S. 70, 76 (2000) (per curiam). Each brings this action to preserve all election data pertaining to the 2020 Federal, State, and local elections.

15.     Plaintiff Dar Leaf is named herein in his official capacity as Sheriff of Barry County.

16.      Defendant Gretchen Whitmer (Governor of Michigan) is named herein in her official capacity as Governor of the State of Michigan.

17.     Defendant Jocelyn Benson ("Secretary Benson") is named as a defendant in her official capacity as Michigan's Secretary of State. Jocelyn Benson is the "chief elections officer" responsible for overseeing the conduct of Michigan elections. MCL § 168.21 ("The secretary of state shall be the chief election officer of the state and shall have supervisory control over local election officials in the performance of their duties under the provisions of this act."); MCL § 168.31(1)(a)(the "Secretary of States all...issue instructions and promulgate

rules...for the conduct of elections and registrations in accordance with the laws of this state"). Local election officials must follow Secretary Benson's instructions regarding the conduct of elections. Michigan law provides that Secretary Benson "[a]dvise and direct local election officials as to the proper methods of conducting elections." MCL § 168.31(1)(b). *See also Hare v. Berrien Co Bd. of Election*, 129 N.W.2d 864 (Mich. 1964); *Davis v. Secretary of State*, 2020 Mich. App. LEXIS 6128, at *9 (Mich. Ct. App. Sep. 16, 2020). Secretary Benson is responsibleforassuringMichigan'slocalelectionofficialsconductelectionsinafair,just, and lawful manner. *See* MCL 168.21; 168.31; 168.32. *See also League of Women Voters of Michigan v. Secretary of State*, 2020 Mich. App. LEXIS 709, *3 (Mich. Ct. App. Jan. 27, 2020); *Citizens Protecting Michigan's Constitution v. Secretary of State*, 922 N.W.2d 404(Mich.Ct.App.2018),aff'd921N.W.2d247(Mich.2018);*Fitzpatrickv.Secretaryof State*, 440 N.W.2d 45 (Mich. Ct. App. 1989).

18.    Defendant Michigan Board of State Canvassers is "responsible for approv[ing] voting equipment for use in the state, certify[ing]the result of elections held statewide...." Michigan Election Officials' Manual, p. 4. *See also* MCL 168.841, *etseq*. On March 23, 2020, the Board of State Canvassers certified the results of the 2020 election finding that Joe Biden had received 154,188 more votes than President Donald Trump.

## F.R.C.P. RULE 65 (b) ANAYSIS

19.    Under F.R.C.P 65 (b) this Court may issue a temporary restraining order if
the following two elements are met:

A. Specific facts in an affidavit or verified complainant clearly show
immediate and irreparable injury, loss, or damage, will result to the movant before
the adverse party can be heard in opposition; and

B. The movants attorney certifies in writing any efforts made to give notice
and the reasons why it should not be required.

Exhibits One through Five contain evidence that E-Pollbook laptops and
flash drives, the EPB software and associated files, and any and all election
materials, data, electronic or otherwise, is needed to investigate to determine voter
intent, any systematic fraud, and any criminal activity and/or civil liability.

Irreparable and immediate injury, loss, and damage will result to Plaintiffs
before Defendants can be heard in opposition. Plaintiffs, through counsel made
reasonable effort to serve via email the fore mentioned pleading to Defendants'
attorneys providing representation in King et al v. Whitmer et al, 2:20-cv-13134-
LVP-RSW in a separate election lawsuit currently pending in the Eastern District
of Michigan.

There is no legitimate harm to Defendants by this Court entering an Order enjoin the parties from destroying evidence and data from the arguments herein and the nature of the requested relief is of such significance that personal service is unnecessary. Accordingly, there is no need for a security to be posted according to F.R.C.P 65 (c).

## PRAYER FOR RELIEF

1.     An order enjoining and/or directing Secretary Benson, Governor Whitmer, the Board of State Canvassers,  all State of Michigan Clerks and municipality staff, and any and all persons, in possession of, or persons designated by the Michigan Bureau of Elections to effectuate the Memorandum Order of the Michigan Bureau of Elections to destroy or delete of election data, instruments, machines, and materials to preserve and maintain all election data, instruments, machines, and materials, electronic or otherwise.

2.     An immediate order to impound all the voting machines and software in Michigan for expert inspection by the Plaintiffs, and any other relief the Court

deems appropriate to preserve election evidence.

Respectfully submitted,

/s/ Stefanie Lambert_____
Stefanie Lambert Junttila
The Law Office of Stefanie L. Lambert PLLC
500 Griswold Street, Suite 2340
Detroit, Michigan 48226

Dated: December 6, 2020

<u>Certificate of Service</u>

I, Stefanie Lambert Junttila, attorney at law, certify that on December 6, 2020, I caused a copy of this pleading to be served upon the Clerk of the Court and Defendant's anticipated counsel currently providing representation in  King et al v. Whitmer et al, 2:20-cv-13134-LVP-RSW by email.

<u>/s/ Stefanie Lambert</u>
Stefanie Lambert Junttila
Law Office of Stefanie L. Lambert, PLLC
500 Griswold Street, Ste. 2340
Detroit, Michigan 48226