UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAR LEAF, et al.,

      Plaintiffs,

v.

GRETCHEN WHITMER, et al.,

      Defendants.
_____/

CASE NO. 1:20-CV-1169

HON. ROBERT J. JONKER

## ORDER

Plaintiffs, consisting of the Barry County Sheriff and others, request this Court issue an *ex parte* order under FED. R. CIV. P. 65(b) temporarily enjoining Defendants and other named individuals from implementing a December 1, 2020 Memorandum issued by the State of Michigan Bureau of Elections concerning the treatment of materials from the November 3, 2020 general election.[1] The request is denied.

Under FED. R. CIV. P. 65(b), the Court may issue a temporary restraining order without notice only if the Court finds that "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made

---

[1] On Sunday, December 6, 2020, Plaintiffs' filed, via the CM / ECF system, a document entitled "Plaintiff's Emergency Application For Restraining Order and Injunctive Relief and Combined Brief in Support" under the caption "In The United District Court Eastern Distrct [sic] of Michigan." (ECF No. 1). An amended filing with the same caption was filed later that day. (ECF No. 2). A second amended filing was filed earlier this morning, this time under the caption "In the United States District Court Western Distrct [sic] of Michigan." (ECF No. 3). The Clerk's office filed all three documents in a new civil action, and the matter has been assigned to the undersigned.

to give notice and the reasons why it should not be required." In this Court's view, Plaintiffs' application falls far short of meeting these standards.

For one thing, it is not clear to the Court whether Plaintiffs have even commenced an action as contemplated by FED. R. CIV. P. 3. Under that Rule, "[a] civil action is commenced by filing a complaint with the court." A complaint is an "initial pleading that starts a civil action and states the basis for the court's jurisdiction, the basis for the plaintiff's claim, and the demand for relief." *Complaint*, BLACK'S LAW DICTIONARY (8th ed. 2004). The emergency applications filed by Plaintiffs do not neatly fit under this definition. There is nothing styled as a Complaint. The most recent Application asserts that this Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1343 and that it involves "multiple violations" both of Michigan election law, as well as the "Election and Electors Clauses and Equal Protection Clause of the U.S. Constitution." (Appl. ¶¶ 6, 8-9). But the Application contains no specific causes of action, something that is fundamental to any Complaint seeking relief. FED. R. CIV. P. 8(a). Rather, it contains only introductory comments, a section regarding subject matter jurisdiction, a section on the parties, and then proceeds straight to an analysis of Rule 65 and a request for relief. The Applications are not verified either.

Not surprisingly, then, the Applications fail to demonstrate an entitlement to *ex parte* emergent relief even assuming an action has properly commenced. The Applications themselves are not verified. There are notarized affidavits attached to the Applications, each describing the individual's experience while voting in the November election. (*See, e.g.*, Chadwick Aff., ECF No. 3-2, PageID.107-109) (describing a voting experience using a sharpie marker). But these do not "clearly show" an immediate and irreparable injury especially where, as here, the Applications do not state any federal cause of action. Indeed, rather than meet this standard, Plaintiffs'

Applications invite the Court to make speculative leaps towards a hazy and nebulous inference that there has been numerous instances of election fraud and that Defendants are destroying the evidence. There is simply nothing of record to infer as much, much less conclude that irreparable injury will occur before the defendants can be heard.

Finally, the Applications do not satisfy the Court that Rule 65's notice certification requirement has been met. Plaintiffs state they made a "reasonable effort" to serve the Applications via email to counsel representing the Defendants in a separate action currently pending in the Eastern District of Michigan. But a "reasonable effort" does not notice make. And Plaintiffs do not state why notice should not be required. The Applications themselves were filed at a late hour, six days after the memorandum was issued, and the most recent having been filed on the same day the alleged destruction was to have been completed.

For all these reasons, the Applications (ECF Nos. 1, 2, & 3) are **DENIED.**

**IT IS SO ORDERED.**


Dated:   December 7, 2020            /s/ Robert J. Jonker
                                                                              ROBERT J. JONKER
                                                                              CHIEF UNITED STATES DISTRICT JUDGE